**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Crim. No. 05-20075-KHV |
| v. ) | |
| ) | Civil No. 07-2008-KHV |
| **GERARDO HERNANDEZ-LOPEZ,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's <u>Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #33) filed January 5, 2007. For reasons stated below, the Court overrules the motion.

**Factual Background**

On January 6, 2006, defendant pleaded guilty to a one-count indictment which charged him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). See <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #24). The transcript of defendant's change of plea hearing indicates that the Court provided an interpreter for the hearing. Through the interpreter, defendant informed the Court that he wished to plead guilty to the charge of illegal reentry. The Court confirmed that defendant had discussed the charge with his attorney, who had explained the nature of the charge and the possible consequences of a guilty plea. The Court explained to defendant his rights to a speedy and public trial, to assistance of counsel, to cross-examine all witnesses at trial, to compel production of evidence, to choose not to testify, to have guilt proven beyond a reasonable doubt and to appeal trial errors. The Court confirmed that defendant intended to give up these rights by pleading guilty.

As to a possible sentence, the Court explained that it could impose the same sentence regardless whether defendant pleaded guilty or went to trial. The Court explained that it could sentence defendant up to 20 years in prison and confirmed that defendant understood the possible punishment. The Court explained the application of the United States Sentencing Guidelines, including calculation of the guideline range and the Court's discretion to vary from the guideline range. The Court did not estimate a potential sentence under the Sentencing Guidelines. It explained that the guideline range would not be determined until the probation office had completed a presentence investigation report and the Court completed the pre-sentencing process. The Court confirmed that defendant understood the application of the guidelines and still intended to plead guilty.

The Court then discussed the plea agreement with defendant. Specifically, the Court explained that in the plea agreement the government agreed to make certain sentencing recommendations, but that the Court was not bound by those recommendations and if the Court did not follow them, defendant would have no right to withdraw his guilty plea or avoid the plea agreement. The Court explained that defendant would not be able to withdraw his plea if the Court sentenced him more severely than he expected, and confirmed that defendant had not been offered anything in return for his plea. Defendant reaffirmed his intention to plead guilty and the Court accepted his plea.

On April 18, 2006, the Court sentenced defendant to 63 months in prison followed by three years of supervised release. See Judgment (Doc. #29). At the sentencing hearing, the Court stated as follows:

> I have considered all of the materials which are contained in the presentence report and I've taken into account both the seriousness of this offense, your criminal

> history, and all of the background circumstances and facts which are outlined in the report. After having considered those things, I believe that 63 months in custody is a reasonable and fair sentence under 18 United States Code, Section 3553(a) and the sentencing guidelines.

Transcript Of Sentencing (Doc. #32-2) at 6:2-11.[1]

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir.1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Defendant argues that the Court imposed his sentence in violation of the law because (1) his guilty plea was not knowing or voluntary due to improper translation by the court-provided interpreter; (2) the Court applied the United States Sentencing Guidelines in violation of United States v. Booker, 543 U.S. 220 (2005); (3) the sentence restricts his right to associate under the First Amendment and to travel under the Fifth Amendment;[2] and (4) the sentence inflicts cruel and unusual punishment under the Eight Amendment by preventing defendant from living with his family.

**I.    Interpreter Error**

---

[1]    Defendant's criminal history is reflected in the plea agreement, which states that prior to his deportation, defendant was convicted in state court of attempted aggravated indecent liberties of a child, a felony. See Plea Agreement (Doc. #24) filed January 6, 2006, ¶ 2.

[2]    Defendant claims that his right to travel under the Fourteenth Amendment has been violated. Because his motion challenges federal action, however, his argument arises under the Fifth Amendment and the Court will evaluate the claim accordingly. See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 n.21 (1987) (Fourteenth Amendment applies to state action; Fifth Amendment applies to federal action).

3

Defendant argues that his plea was not knowing or voluntary because at the plea hearing the interpreter told him that he would be pleading guilty in exchange for a 33-month sentence. The Court maintains a duty to ensure that defendant's guilty plea is knowing, intelligent and voluntary. United States v. Gonzalez, 12 Fed. Appx. 792, 795 (10th Cir. 2001). Rule 11, Fed. R. Crim. P., outlines the procedure which the Court must follow in conducting a change of plea hearing, and hearings which comply with Rule 11 are entitled to a presumption of regularity. See United States v. Alvarado, 943 F.2d 58 (Table), No. 91-2129, 1991 WL 166397, at *1 (10th Cir. Aug. 30, 1991).

Here, the record does not demonstrate any irregularity in defendant's change of plea hearing. Even if the interpreter told defendant – off the record – that he would be pleading guilty in exchange for a 33-month sentence, the Court clearly informed defendant that his sentence could not be determined until a lengthy pre-sentence procedure had been completed. Accordingly, interpreter error does not entitle defendant to relief under Section 2255.[3]

## II.     Booker Violations

Defendant argues that the Court applied the Sentencing Guidelines in violation of United States v. Booker, 543 U.S. 220 (2005) by (1) applying the guidelines mandatorily and (2) finding without defendant's admission that he had a criminal history category of IV.

### A.     Mandatory Application Of The Sentencing Guidelines

Defendant argues the Court mandatorily applied the Sentencing Guidelines by failing to consider a sentence outside of the guideline range. Under Booker, the Court must apply the

---

[3] Defendant's argument that the interpreter inaccurately translated the proceedings does not entitle him to an evidentiary hearing in this case. Because the Court complied with Rule 11, the change of plea hearing is entitled to a presumption of regularity which extends to the interpreter's accuracy. See Alvarado, 1991 WL 166397, at *1 (Court does not abuse discretion by refusing evidentiary hearing where defendant makes unsupported allegations of interpreter error).

Sentencing Guidelines in an advisory manner, United States v. Glover, 413 F.3d 1206, 1210 (10th Cir. 2005), which requires that the Court consider sentencing factors under 18 U.S.C. § 3553(a),[4] United States v. Sanchez-Juarez, 446 F.3d 1109, 1115 (10th Cir. 2006). It is well established, however, that the Court need not "consider individually each factor listed in § 3553(a) before issuing a sentence," or recite any "ritualistic incantation" or "magic words" to sufficiently establish its consideration of such factors. United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004). Instead, the Court need only consider Section 3553(a) en masse and state its reasons for imposing a given sentence. Id.

Here, the record indicates that the Court properly considered the Section 3553(a) factors before pronouncing sentence. The Court did not believe that the Sentencing Guidelines were mandatory and it did not treat them as such. Defendant's argument does not justify relief under Section 2255.

### B. Judicial Fact-Finding

Defendant argues that the Court improperly determined his criminal history category based on facts which he did not admit and which were not presented to a jury. This argument is without merit. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that the Court may determine a fact of prior conviction without violating defendant's Sixth Amendment right to trial by jury. United States v. Taylor, 413 F.3d 1146, 1158 n.5 (10th Cir. 2005). Under

---

[4] These factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence to afford adequate deterrence to criminal conduct, (4) the need to protect the public from further crimes of the defendant, (5) the need to provide the defendant with needed training, medical care, or correctional treatment, and (6) the sentencing range established under the sentencing guidelines or the policy statements applicable to a violation of supervised release. See 18 U.S.C. § 3553(a).

Almendarez-Torres, the Court can make findings with respect to defendant's criminal history, be they findings as to the fact of the prior convictions or the nature of those convictions. United States v. Williams, 410 F.3d 397, 402 (7th Cir. 2005); see United States v. Pineda-Rodriguez, 133 Fed. Appx. 455, 458-59 (10th Cir. 2005).

At sentencing, the Court discussed defendant's criminal history which resulted in his original deportation and adopted the findings of the presentence investigation report which calculated defendant's criminal history category as IV. Judicial-fact finding in this regard does not warrant relief under Section 2255.

### III.  First And Fifth Amendment Violations

Defendant argues that his sentence violates his right to associate under the First Amendment and his right to travel under the Fifth Amendment by denying him freedom of bodily movement. This argument is without merit. As the Supreme Court has noted, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). More specifically, "association with other persons, regardless of the constitutional source of the protection of that activity, is necessarily restricted as an incidental and inevitable result of incarceration." Koos v. Holm, 204 F. Supp.2d 1099, 1108 (W.D. Tenn. 2002) (citing Pell v. Procunier, 417 U.S. 817 (1974)). The restriction of defendant's freedom of bodily movement does not entitle him to relief under Section 2255.

### IV.  Eighth Amendment Violation

Defendant argues that his sentence constitutes cruel and unusual punishment under the Eighth Amendment because it denies him the ability to live with and support his family. The Eighth

Amendment requires that inmates be provided humane conditions of confinement guided by contemporary standards of decency. Gross v. Koury, 78 Fed. Appx. 690, 693 (10th Cir. 2003) (citing Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996)). Under Tenth Circuit law, a sentence imposed within the Sentencing Guidelines will generally not be considered cruel and unusual. United States v. Nicholson, 17 F.3d 1294, 1299 (10th Cir. 1994). The fact that defendant's incarceration prevents him from living with and supporting his family does not constitute cruel and unusual punishment and is not a ground which entitles him to relief under Section 2255.

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #33) filed January 5, 2007 be and hereby is **OVERRULED**.

Dated this 23rd day of March, 2007 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge